**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-01682-RMR

DARIOUCH SADEGHI,

     Petitioner,

v.

TODD LYONS, Acting Director of Immigration and Customs Enforcement
JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
ROBERT HAGAN, Field Office Director, Denver, Immigration and Customs
     Enforcement, Enforcement and Removal Operations,
,

     Respondents.[1]

---

**ORDER**

---

Petitioner Dariouch Sadeighi is a native of Iran and entered the United States in January 1987. ECF No. 1-1 at 2. On June 22, 2025, Petitioner was arrested and has been detained by ICE since. ECF No. 4 at 2. Petitioner has been informed that ICE cannot obtain travel documents to remove him to Iran and that no other country will accept him. *Id.* He filed the instant habeas petition on April 30, 2026.[2] After the Court issued three Orders to Show Cause as to why it should not grant Petitioner's petition, Respondents filed its response on June 22, 2026. ECF No. 16. In the Response, Respondents state that they "maintain that Petitioner's detention is lawful and do not concede that it is

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David Venturella is automatically substituted for Todd Lyons as Director of Immigration and Customs Enforcement ("ICE") and George Valdez is automatically substituted for Robert Hagan for Field Office Director of ICE, Denver.
[2]

unlawful." *Id.* at 1. However, "Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 2.

Petitioner is subject to a final order of removal and has been detained for over a year. This exceeds the presumptively reasonable six-month period established under *Zadvydas*. 533 U.S. 678, 701 (2001). After a petitioner's detention has exceeded the presumptively reasonable six-months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Here, Petitioner has established that ICE cannot obtain travel documents to remove him to Iran and that no other country will accept him. Thus, the likelihood of his removal is not reasonably foreseeable, and Petitioner has met his initial burden. Respondents have not provided any evidence to rebut Petitioner's showing. Therefore, the Court finds Petitioner's petition is GRANTED.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 4, is **GRANTED**;

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than **July 10, 2026** and may impose reasonable conditions of release or supervision;

3. Respondents shall file a status report by **July 14, 2026** to certify compliance; and

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-

deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED: July 6, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge